UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

WEST VIRGINIA HIGHLANDS
CONSERVANCY, INCORPORATED;
NATIONAL WILDLIFE FEDERATION,
  *Plaintiffs-Appellees,*

v.

GALE A. NORTON, Secretary of
Department of Interior,
  *Defendant-Appellant.*

No. 02-1695

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Mary E. Stanley, Magistrate Judge.
(CA-00-293-2)

Argued: June 5, 2003

Decided: July 14, 2003

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Reversed and remanded with instructions by unpublished per curiam
opinion.

---

## COUNSEL

**ARGUED:** Todd Sunhwae Kim, Environment & Natural Resources
Division, UNITED STATES DEPARTMENT OF JUSTICE, Wash-
ington, D.C., for Appellant. Walton Davis Morris, Jr., MORRIS LAW
OFFICE, P.C., Charlottesville, Virginia, for Appellees. **ON BRIEF:**

Thomas L. Sansonetti, Assistant Attorney General, Kasey Warner, United States Attorney, Michael L. Keller, Assistant United States Attorney, Kathryn E. Kovacs, Environment & Natural Resources Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Thomas A. Bovard, Wayne A. Babcock, Office of the Solicitor, DEPARTMENT OF THE INTERIOR, Washington, D.C., for Appellant. Charles M. Kincaid, Huntington, West Virginia; L. Thomas Galloway, GALLOWAY & ASSOCIATES, Boulder, Colorado, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Gale A. Norton, Secretary of the Interior, appeals from the district court's order reversing a denial of attorneys' fees by the Board of Land Appeals (the Board) and remanding for a determination of an award of attorneys' fees. Because the Board's decision to deny attorneys' fees was based on a reasonable interpretation of the regulations and was supported by substantial evidence, we reverse the district court[1] and remand with instructions to enter summary judgment for the Secretary.

In 1992, West Virginia Highlands Conservancy, Inc. and the National Wildlife Federation (collectively, West Virginia Highlands) filed a citizen complaint with the federal Office of Surface Mining Reclamation and Enforcement (OSM). In its citizen complaint, West Virginia Highlands charged that Pittston Coal Company was legally responsible for unabated violations of the surface mining laws at five West Virginia mine sites abandoned by two of its contractors and

---

[1]Pursuant to 28 U.S.C.A. § 636(c) (West 1993), all parties consented in writing to a decision by a United States Magistrate Judge.

requested that OSM rescind all permits granted to Pittston until the violations were abated. The Charleston, West Virginia Field Office (CHFO) of OSM informed West Virginia Highlands that the district court in another proceeding had enjoined CHFO from taking the requested enforcement action. OSM affirmed CHFO's refusal to take action. West Virginia Highlands filed an appeal to the Board, arguing that OSM's decision improperly delayed enforcement of the Surface Mining Control and Reclamation Act (SMCRA), 30 U.S.C.A. §§ 1201-1328 (West 1986 & Supp. 2003).

During this time, West Virginia Highlands met with the West Virginia Department of Environmental Protection (WVDEP) in an attempt to persuade WVDEP to take action on the issues raised in West Virginia Highlands' citizen complaint. WVDEP refused to rescind Pittston's permits, but began negotiating site reclamation with Vandalia Resources, Inc., a Pittston subsidiary. During these negotiations, the WVDEP Director consulted with West Virginia Highlands about proposed provisions for a reclamation agreement. On December 8, 1994, WVDEP and Vandalia executed a Mitigation and Reclamation Agreement (Reclamation Agreement) in which Vandalia agreed to reclaim the abandoned sites in exchange for the State not imposing any civil penalties in association with the abandoned sites. On September 15, 1995, the Board granted Pittston's unopposed motion to dismiss West Virginia Highlands' appeal of its citizen complaint on the basis that the Reclamation Agreement made the action moot.

On November 13, 1995, West Virginia Highlands filed a petition for attorneys' fees expended in connection with its citizen complaint. The Board denied the petition. The Board found that West Virginia Highlands was not entitled to a fee award because, based on the totality of the circumstances, they had not "made a substantial contribution to a full and fair determination of the issues." (J.A. at 49.) The Board found that "petitioners obtained no relief from OSM, nor did they establish any error in OSM's handling of their citizen's complaint," nor did discussions between counsel for West Virginia Highlands and the State regarding the Reclamation Agreement "establish a causal link between petitioners' appeal to this Board on the issue of the proper construction of the Virginia injunction and the settlement negotiations or the reclamation agreement." (J.A. at 49-50.) The Board went on to find that "[t]he simple pendency of the appeal dur-

ing the negotiation period does not demonstrate the requisite causal nexus between that appeal and the reclamation agreement reached in that unrelated proceeding to which petitioners and OSM were not parties, and which neither resolved the issue of Pittston's ownership or control of the [abandoned] mining operations nor arose from the theories advocated by petitioners." (J.A. at 50.)

West Virginia Highlands sought judicial review of the Board's decision pursuant to 30 U.S.C.A. § 1276(a)(2) (West 1986). The district court granted summary judgment for West Virginia Highlands and remanded for the Board to determine an appropriate fee award. The Secretary timely noted this appeal.

Before addressing the merits, there is a jurisdictional question that we must address: whether the district court's order remanding the case to the Board is a "final decision" over which we have jurisdiction under 28 U.S.C.A. § 1291 (West 1993). We have held that "if a district court order remanding a case to an administrative agency will be effectively unreviewable after a resolution of the merits, the order is a final decision." *Hanauer v. Reich*, 82 F.3d 1304, 1306-07 (4th Cir. 1996). "A remand order is appealable . . . when a court determines that an agency's statutory or regulatory interpretation is unreasonable or contrary to law, and remands the matter to the agency to implement the court's alternative interpretation." *Demutiis v. United States*, 291 F.3d 1373, 1377 (Fed. Cir. 2002) (internal quotation marks and citation omitted). In this case, the district court remanded to the Board for a determination of an appropriate fee award. Section 1276 allows persons aggrieved by the action of the Secretary to petition for judicial review. 30 U.S.C.A. § 1276(a)(1). The Secretary has delegated to the Board "the authority to exercise the final decisionmaking power of the Secretary under the act pertaining to . . . [p]etitions for award of costs and expenses." 43 C.F.R. § 4.1101(a)(7) (2002). The Secretary, of course, cannot be aggrieved by her own action. Accordingly, the Secretary would not be able to petition for judicial review of any Board decision awarding attorneys' fees, and thus, would never be able to challenge the district court's decision. The district court's order, therefore, is a final decision, and thus reviewable.

The Board found that a showing of relief obtained from OSM or error in handling the citizen complaint by OSM is an important, if not

dispositive, factor in determining whether fees should be awarded under the regulations implementing the SMCRA. Federal courts "must give substantial deference to an agency's interpretation of its own regulations." *See, e.g.*, *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994). Thus, the Board's interpretation must be given "controlling weight unless it is plainly erroneous or inconsistent with the regulations." *Id.* (internal quotation marks and citation omitted). Section 1276 requires us to uphold the Board's factual findings if they are supported by substantial evidence. 30 U.S.C.A. § 1276(b). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a scintilla but less than a preponderance." *N.L.R.B. v. Peninsula Gen. Hosp. Med. Ctr.*, 36 F.3d 1262, 1269 (4th Cir. 1994) (internal quotation marks and citation omitted).

The regulations implementing the SMCRA provide, in pertinent part, that "[a]ppropriate costs and expenses including attorneys' fees may be awarded . . . [f]rom OSM to any person . . . who initiates or participates in any proceeding under the Act, and who prevails in whole or in part, achieving at least some degree of success on the merits, upon a finding that such person made a substantial contribution to a full and fair determination of the issues." 43 C.F.R. § 4.1294(b) (2002). Under the Board's interpretation of the regulation, a showing of relief obtained from OSM or error in handling the citizen complaint by OSM is an important, if not dispositive, factor in determining whether fees should be awarded. This interpretation is not plainly erroneous or inconsistent with the regulation.[2] Accordingly, we must defer to the Board's interpretation. Given this interpretation, the Board's finding that the totality of the circumstances did not support a fee award for West Virginia Highlands is supported by substantial evidence in the record.

---

[2]We need not and do not address whether there are circumstances where the petitioner could be awarded attorneys' fees notwithstanding a failure to obtain relief from OSM or show any error in OSM's handling of its citizens complaint. Regardless of whether this factor is dispositive or merely very important, the Board's interpretation is not plainly erroneous or inconsistent with the regulations.

For the foregoing reasons, we reverse the district court's order and remand with instructions to enter summary judgment for the Secretary.

*REVERSED AND REMANDED WITH INSTRUCTIONS*